**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HORIZON PHARMA, INC., HORIZON PHARMA USA, INC., and POZEN INC., <br><br> Plaintiffs, <br><br> v. <br><br> DR. REDDY'S LABORATORIES, INC. and DR. REDDY'S LABORATORIES, <br><br> Defendants. | **Civil Action No. 15-3324 (SRC)** <br><br> **OPINION & ORDER** <br><br> (consolidated for discovery purposes with Civil Action Nos. 16-4918, 16-9035, 15-3327, 16-4921, 15-3326, and 16-4920) |
| HORIZON PHARMA, INC., HORIZON PHARMA USA, INC., and POZEN INC., <br><br> Plaintiffs, <br><br> v. <br><br> MYLAN PHARMACEUTICALS INC., MYLAN LABORATORIES LIMITED, and MYLAN, INC., <br><br> Defendants. | |
| HORIZON PHARMA, INC., HORIZON PHARMA USA, INC., and POZEN INC., <br><br> Plaintiffs, <br><br> v. <br><br> LUPIN LTD. and LUPIN PHARMACEUTICALS INC., <br><br> Defendants. | |

**CHESLER, U.S.D.J.**

This matter comes before this Court on the motion to stay pending appeal by Plaintiffs Horizon Pharma, Inc., Horizon Pharma USA, Inc., and Pozen Inc. (collectively, "Plaintiffs"). For the reasons that follow, the motion will be granted in part and denied in part.

These cases arise from Hatch-Waxman litigation regarding patents related to the drug Vimovo®. Plaintiffs hold the patents and the various Defendants are pharmaceutical companies which have filed ANDA applications to produce generic versions. The first round of litigation involved U.S. Patent Nos. 6,926,907 and 8,557,285.[1] Judge Cooper of this Court entered final judgment of patent infringement in favor of Plaintiffs, and Defendants have appealed to the Federal Circuit.

During the first round of litigation, nine additional patents related to Vimovo® issued and were listed in the Orange Book, and the cases at issue arose. Six of those patents descend from U.S. Patent No. 6,926,907: U.S. Patent Nos. 8,557,285, 8,852,636, 8,858,996, 8,865,190, 9,161,920, 9,198,888, and 9,345,695 (collectively, the "Plachetka Patents.") Three of the nine patents presently at issue do not descend from U.S. Patent No. 6,926,907: U.S. Patent Nos. 8,945,621, 9,220,698 and 9,393,208 (collectively, the "Ault Patents.")

In short, Plaintiffs contend that the issues regarding the two patents under appeal overlap substantially with the issues regarding the nine patents in the present cases, and that the Federal Circuit's decision on the appeals now under review will "directly inform validity issues" in the instant cases. (Pls.' Br. 2.) Plaintiffs argue that, in the interest of judicial efficiency, this Court

---

[1] This round of litigation involved Civil Action Nos. 11-2317, 11-4275, 13-91, and 13-4022.

should stay all the instant cases while awaiting resolution of the pending appeals.

Defendants Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. (collectively, "DRL"), Mylan Pharmaceuticals Inc., Mylan Laboratories Limited, and Mylan Inc. (collectively, "Mylan"), and Lupin Ltd. and Lupin Pharmaceuticals Inc. (collectively, "Lupin"), while filing separate opposition briefs, all propose the same bargain: they will agree to a partial stay of the cases in regard to the Plachetka Patents, but not the Ault Patents, "*provided that* Plaintiffs agree that the outcome of [the appeals] is binding as to both parties with respect to these patents." (Mylan's Opp. Br. 4 n.5.) DRL and Lupin phrase their contingency a little differently, but the idea is the same. Plaintiffs, in reply, refuse this bargain. It is, as well, a bargain that this Court declines to impose by Order, because the contingency is so vaguely phrased that this Court has no clue as to what it means: imposing it would delay the litigation for the possible benefit of having to figure out what it means down the road.[2]

As Plaintiffs observe in their reply brief, all parties agree that it makes sense to grant a stay of these cases in regard to the Plachetka Patents. The fact that Defendants sought to condition their agreement on an unexplained contingency does not undo the fact that they agreed that a partial stay makes good sense. As to the Plachetka Patents, the Court will grant Plaintiffs' motion in part and stay litigation of these patents pending the Federal Circuit's decision.

This leaves only the question of whether to grant the stay as to the Ault Patents.

---

[2] How would an appellate decision on one group of patents bind the parties in litigation on a different group of patents? In the absence of any explanation, like a preclusion doctrine, there is no obvious answer, and Defendants have not offered any specifics as to what they propose. Plaintiffs, describing Defendants' proposal, suggest that Defendants wanted the Federal Circuit's decision on the validity of the patents under review to determine the validity of all of the Plachetka Patents. (Pls.' Br. at 3 n.6.) The Court wonders whether this is even legally possible, much less sensible, but need not speculate about this failed proposal.

3

Plaintiffs argue that the Federal Circuit's decision will simplify the issues for trial, but their opening brief does not go beyond a vague assertion of overlapping issues, with no supporting analysis of particulars.[3] In their reply brief, Plaintiffs point only to two claim terms that the patents presently before the Federal Circuit share with some of the Ault Patents. Plaintiffs have not articulated any argument that connects any particular issue in the final judgment under review to these two claim terms, and then connects a possible Federal Circuit decision on such issues to any particular issue in the litigation presently before this Court. Without more, the fact of two common claim terms does not suffice to persuade this Court that the Federal Circuit's decision is likely to simplify trial on the issues involving the Ault Patents.

The parties agree that courts in this district generally consider three factors when determining to grant a stay: "1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." Stryker Trauma S.A. v. Synthes (USA), 2008 WL 877848, at *1 (D.N.J. 2008). Plaintiffs have failed to persuade this Court that, as to the Ault Patents, a stay will simplify trial on the issues in question. As to the Ault Patents, the motion to stay will be denied.

For these reasons,

**IT IS** on this 25th day of August, 2017

**ORDERED** that Plaintiffs' motion to stay (Docket Entry No. 56) is **GRANTED** in part and **DENIED** in part; and it is further

---

[3] In its opposition brief, DRL offers its analysis of the particulars, arguing that the appealable issues arising from the trial in the cases pending review do not bear on any claim or defense concerning the Ault Patents. (DRL Opp. Br. 15.)

**ORDERED** that, as to the Plachetka Patents, the motion to stay is **GRANTED**, and all litigation on these patents in these consolidated cases is hereby **STAYED** pending the Federal Circuit's decision on U.S. Patent Nos. 6,926,907 and 8,557,285; and it is further

**ORDERED** that, as to the Ault Patents, the motion to stay is **DENIED**, and the parties are directed to contact the Magistrate Judge to proceed with the litigation.

                                                      s/ Stanley R. Chesler
                                               STANLEY R. CHESLER, U.S.D.J.