**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HORIZON PHARMA, INC., HORIZON PHARMA USA, INC., and POZEN INC., <br><br>Plaintiffs,<br><br>v.<br><br>DR. REDDY'S LABORATORIES, INC. and DR. REDDY'S LABORATORIES,<br><br>Defendants. | **Civil Action No. 15-3324 (SRC)**<br><br>**OPINION & ORDER**<br><br>(consolidated for discovery purposes with Civil Action Nos. 16-4918, 16-9035, 15-3327, 16-4921, 15-3326, and 16-4920) |
| HORIZON PHARMA, INC., HORIZON PHARMA USA, INC., and POZEN INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MYLAN PHARMACEUTICALS INC., MYLAN LABORATORIES LIMITED, and MYLAN, INC.,<br><br>Defendants. | |
| HORIZON PHARMA, INC., HORIZON PHARMA USA, INC., and POZEN INC.,<br><br>Plaintiffs,<br><br>v.<br><br>LUPIN LTD. and LUPIN PHARMACEUTICALS INC.,<br><br>Defendants. | |

**CHESLER, U.S.D.J.**

This matter comes before this Court on the motion to stay pending *inter partes* review by Plaintiffs Horizon Pharma, Inc., Horizon Pharma USA, Inc., and Pozen Inc. (collectively, "Plaintiffs"). For the reasons that follow, the motion will be denied.

These cases, consolidated for discovery purposes, arise from Hatch-Waxman litigation regarding patents related to the drug Vimovo®. Plaintiffs hold the patents and the various Defendants are pharmaceutical companies which have filed ANDA applications to produce generic versions. The first round of litigation involved two patents. This Court entered final judgment of patent infringement in favor of Plaintiffs, and Defendants have appealed the judgment to the Court of Appeals for the Federal Circuit; this judgment precludes any generic launch prior to May of 2022.

During the first round of litigation, nine additional patents covering Vimovo® issued. Litigation involving six of those patents, those descended from the Round I patents, has been stayed pending the abovementioned appeal. Litigation on another patent has been stayed as well, leaving litigation of two patents presently active. U. S. Patent Nos. 9,220,698 and 9,393,208 are the subject of this motion.

Plaintiffs report that petitions for *inter partes* review ("IPR") have been filed challenging both the '698 and the '208 patents, and are presently pending before the Patent Trial and Appeal Board. Mylan has filed IPR2017-01995, challenging the '968 patent, and IPR2018-00272, challenging the '208 patent. Dr. Reddy's Laboratories has filed IPR2018-00894, seeking review of the '968 patent and to join Mylan's challenge to the '968 patent; Plaintiffs have opposed the motion for joinder. Plaintiffs move for a stay of this litigation during the pendency of the *inter*

2

*partes* review process. Plaintiffs contend that a stay will not prejudice Defendants and that the IPR decisions will simplify the issues before this Court.

In opposition, Defendants argue: 1) this case is very close to being ready for resolution on summary judgment; 2) the IPRs will decide only a fraction of the issues; and 3) a stay would highly prejudice Defendants. This Court finds the three points persuasive. As to the first point, fact discovery has closed, expert discovery will be completed within a few days, and Defendants state that they anticipate filing a motion for summary judgment in short order. As to the second point, the IPR proceedings concern invalidity defenses of anticipation and obviousness, and will not address Defendants' defenses of noninfringement, indefiniteness, lack of enablement, and lack of written description. As to the third point, a stay could delay these consolidated cases by one to two years, which is certainly substantial prejudice to Defendants.[1]

Courts in this district generally consider three factors when determining to grant a stay: "1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." Stryker Trauma S.A. v. Synthes (USA), 2008 WL 877848, at *1 (D.N.J. 2008). Plaintiffs have failed to persuade this Court that a stay at this juncture is in the interest of justice. Instead, it appears that the IPR process may resolve only a few issues, that it might do so at the cost of a substantial delay to Defendants, at a time when the case is poised to move forward with a motion

---

[1] In reply, Plaintiffs argue that, since no Defendant can launch prior to 2022, delay cannot work any prejudice. This, however, is the state of affairs only until the Federal Circuit decides the appeal. If the case is stayed and the Federal Circuit reverses the judgment, the delay will surely have prejudiced Defendants.

for summary judgment.  The motion to stay will be denied.

For these reasons,

**IT IS** on this 25th day of July, 2018

**ORDERED** that Plaintiffs' motion to stay (Docket Entry No. 107) is **DENIED**.


    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.