__NOT FOR PUBLICATION__

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HORIZON PHARMA, INC., HORIZON PHARMA USA, INC., and POZEN INC., <br><br> Plaintiffs, <br><br> v. <br><br> DR. REDDY'S LABORATORIES, INC. and DR. REDDY'S LABORATORIES, <br><br> Defendants. | **Civil Action No. 15-3324 (SRC)** <br><br> **OPINION & ORDER** <br><br> (consolidated for discovery purposes with Civil Action Nos. 16-4918, 16-9035, 15-3327, 16-4921, 15-3326, 17-11635, and 16-4920) |
| HORIZON PHARMA, INC., HORIZON PHARMA USA, INC., and POZEN INC., <br><br> Plaintiffs, <br><br> v. <br><br> MYLAN PHARMACEUTICALS INC., MYLAN LABORATORIES LIMITED, and MYLAN, INC., <br><br> Defendants. | |
| HORIZON PHARMA, INC., HORIZON PHARMA USA, INC., and POZEN INC., <br><br> Plaintiffs, <br><br> v. <br><br> LUPIN LTD. and LUPIN PHARMACEUTICALS INC., <br><br> Defendants. | |

**CHESLER, U.S.D.J.**

This matter comes before this Court following the filing of a suggestion of bankruptcy by Plaintiff Pozen Inc. ("Pozen"). The parties, through letter briefs filed and a conference call held on September 6, 2018, sought clarification of the impact of the bankruptcy filing on these consolidated cases. For the reasons that follow, this Court holds that the automatic stay imposed by 11 U.S.C. § 362 applies only to true counterclaims against Pozen; no other aspect of these consolidated cases shall be stayed.

During the conference call, Pozen raised the question of whether the automatic stay applies to affirmative defenses against its claims in these consolidated cases. This Court offered Pozen the opportunity to submit authority that supports such a stay. The cases submitted by Pozen do not support the imposition of the stay on any of the presently pending affirmative defenses. None of the presently pending affirmative defenses has the character of counterclaims seeking affirmative relief against Pozen. The Court concludes that the automatic stay does not apply to any of the presently pending affirmative defenses.

Consequently, this Court sees no reason to stay these consolidated actions in their entirety. The claims asserted in these consolidated cases have been brought pursuant to the Hatch-Waxman Act. Staying the cases in their entirety might have a prejudicial effect on Defendants in terms of their potential ability to enter the marketplace should Plaintiffs' patents be determined to be unenforceable or not infringed.

The parties are directed to immediately contact Magistrate Judge Waldor to schedule further proceedings in this matter.

**SO ORDERED.**

                                         s/ Stanley R. Chesler
                                        STANLEY R. CHESLER, U.S.D.J.

Dated: October 1, 2018