<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| HORIZON MEDICINES LLC and NUVO PHARMACEUTICAL (IRELAND) DESIGNATED ACTIVITY COMPANY, | : : : : : | Civil Action No. 15-3324 (SRC) |
| Plaintiffs, | : : : | **OPINION & ORDER** |
| v. | : : | |
| DR. REDDY'S LABORATORIES, INC. and DR. REDDY'S LABORATORIES, | : : : | |
| Defendants. | : : : | |

<u>**CHESLER, U.S.D.J.**</u>

This matter comes before the Court on the on the appeal of Magistrate Judge Waldor's text order, entered April 21, 2021, by Defendants Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. (collectively, "DRL.")   Plaintiffs Horizon Medicines LLC and Nuvo Pharmaceutical (Ireland) Designated Activity Company (collectively, "Horizon") have opposed the motion.   For the reasons that follow, the motion will be denied.

DRL appeals the Magistrate Judge's one-sentence text order, which stated: "DRL 3rd set of interrogatories # 15-25, and #14 2d set of interrogatories the Court deems irrelevant and need not be responded to."   DRL filed a motion for reconsideration, which was denied.   DRL now appeals the Magistrate Judge's discovery ruling, arguing that the interrogatories at issue *are* relevant:

> DRL explained to Judge Waldor that its Interrogatories are relevant in light of the Court's summary judgment decision, because they are all designed to elicit Plaintiffs' position concerning the differences, if any, between the uncoated PPI

> in the Invalidated Claims and the esomeprazole layers recited in the Asserted Claims . . .

(Defs.' Br. 7.)   DRL thus states that these interrogatories seek discovery of Horizon's contentions with regard to an issue of interest to DRL: the relationship of the patents at issue in the Federal Circuit's <u>Nuvo</u> decision and those patents at issue in the instant case.   At summary judgment, DRL made a collateral estoppel argument that this Court found wanting because DRL failed to show identity of issues.   (Opinion of February 17, 2021 at 3.)   DRL now appears to take the position that Horizon is obligated to provide discovery of its ideas about the identity of issues between the cases.

In response, Horizon argues, *inter alia*, that the patentee claiming infringement bears no burden of proof of validity in this case: the patents at issue are presumed valid, and it is the accused infringer that bears the burden of establishing a *prima facie* invalidity case.   DRL's collateral estoppel argument is certainly an element of its invalidity case.   Horizon contends that, in seeking the discovery at issue, DRL seeks to make Horizon prove the validity of the patents at issue in light of <u>Nuvo</u>, and the Magistrate Judge did not abuse her discretion.

A Magistrate Judge's non-dispositive order may be set aside if it is clearly erroneous or contrary to law.   28 U.S.C. § 636(b)(1)(A).   In this District, when "the magistrate has ruled on a non dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion."   <u>Kresefsky v. Panasonic Communs. & Sys. Co.</u>, 169 F.R.D. 54, 64 (D.N.J. 1996).   The burden is on the party filing the appeal to demonstrate that the standard for modifying or setting aside the magistrate judge's ruling has been met. <u>Cardona v. Gen. Motors Corp.</u>, 942 F. Supp. 968, 971 (D.N.J. 1996).   Plaintiff has not persuaded this Court that the order at issue is clearly erroneous or contrary to law, nor an abuse

of discretion.

DRL has not carried its burden of demonstrating that the standard for reversing the Magistrate Judge's decision has been met. This Court agrees with Horizon that the Magistrate Judge did not abuse her discretion. Moreover, the decision to deny these interrogatories as irrelevant is correct. Horizon correctly observes that this Court, in its summary judgment decision of February 17, 2021, held that DRL had failed to meet the movant's summary judgment burden of proof as to the collateral estoppel effect of the Nuvo decision. (Opinion of February 17, 2021 at 5.) This Court agrees with the Horizon that these interrogatories have the effect of shifting some of that burden onto Plaintiff. As this Court has already ruled, DRL must first carry its initial burden of proof as to the collateral estoppel effect of the Nuvo decision, and only after that will it be the time for Horizon to make its responsive case, or not, as it chooses.

In reply, DRL points to the Local Patent Rules that require disclosure of invalidity contentions: those Rules require Horizon to disclose its response to DRL's contention that the patents at issue are invalid for failure to meet the written description requirement. This argument misses the mark because DRL here seeks discovery of Horizon's analysis of the patents invalidated in Nuvo, which are not the same as the patents Horizon asserts in this case. DRL does not argue that Horizon has failed to comply with its obligation to disclose its responsive contentions to DRL's invalidity contentions regarding the patents at issue and the written description requirement. DRL has not demonstrated that the denied discovery requests were legitimate and relevant under the Local Patent Rules. The Magistrate Judge correctly ruled that DRL is not entitled to discovery of Plaintiff's ideas about the identity of issues between this case and Nuvo. If DRL wishes to argue preclusion based on Nuvo, it must do so without

Horizon's assistance.

DRL argues as well that this Court invited such discovery in its summary judgment decision, which is incorrect. This Court held that DRL has not carried its initial summary judgment burden and that, should DRL wish to try again, it must obtain the Court's permission.

DRL's appeal of Magistrate Judge Waldor's text order, entered April 21, 2021, will be denied, and the Magistrate Judge's decision will be affirmed.

For these reasons,

**IT IS** on this 25th day of August, 2021

**ORDERED** that DRL's appeal of the Magistrate Judge's Order entered April 21, 2021 (Docket Entry No. 393) is **DENIED**; and it is further

**ORDERED** that the Magistrate Judge's text Order entered April 21, 2021 (Docket Entry No. 360) is hereby **AFFIRMED**.

                                      s/ Stanley R. Chesler
                                 STANLEY R. CHESLER, U.S.D.J.